IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DEONTA JEROME HICKS,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv000465 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **JEFF KISER,** *et al.*, | ) | By:   **Robert S. Ballou** |
| | ) | **United States Magistrate Judge** |
| Defendants. | ) | |

This matter is before the court on Hicks' motion seeking preliminary injunctive relief (ECF No. 28) in this civil action filed under 42 U.S.C. § 1983. Having reviewed the motion, the court concludes that there is no basis for granting the requested relief and, therefore, will deny the motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). Further, an interlocutory injunction is not appropriate when the harm

complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*, *see also In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

In his underlying complaint, Hicks alleges that the one defendant used excessive force against him and that the other defendants failed to supervise the first defendant or investigate the incident. In his motion seeking preliminary injunctive relief, Hicks alleges that he filed an informal complaint regarding black mold in the ventilation system and that unnamed Red Onion State Prison ("Red Onion") officials "started retaliating" against him by "taking" his kitchen job without due process, threatening to "set [him] up" with false disciplinary charges, writing him up for infractions, and transferring him out of the "Positive Behavior Unit." As relief, Hicks ask the court to enjoin the defendants from filing false disciplinary charges against him, changing his housing assignment, transferring him to Sussex II State Prison, and holding "adjustment hearings."

Hicks filed this action when he was at Red Onion and named staff of Red Onion as defendants. Since filing the action, Hicks has been transferred to River North Correctional Center, where he is currently housed. Hicks' allegations in his preliminary injunction motion are not related to his claims in his underlying lawsuit and Hicks has not established the requisite relationship between the injury claimed in the motion and the conduct giving rise to the complaint. In addition, Hicks has not demonstrated that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction. Further, because Hicks is no longer incarcerated

at Red Onion where the defendants are located, the relief he seeks against the defendants would be moot. Based on the foregoing, it is **ORDERED** that Hicks' motion seeking preliminary injunctive relief (ECF No. 28) is **DENIED**. The court notes that nothing in this order prohibits Hicks from filing a separate civil action concerning his retaliation claims, after he has exhausted available administrative remedies.[1]

The clerk shall send a copy of this order to the parties.

Enter:  September 20, 2022

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge

---

[1] The court notes, however, that the allegations in the motion, without more, are insufficient to state a viable retaliation claim under § 1983.