IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DEONTA JEROME HICKS,** | ) | |
| | ) | **Civil Action No. 7:21cv00465** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JEFF KISER,** *et al.,* | ) | By:   **Robert S. Ballou** |
| | ) |         **United States Magistrate Judge** |
| Defendants. | ) | |

Plaintiff Deonta Jerome Hicks, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging that the defendants violated his Eighth Amendment rights. Specifically, Hicks claims that Correctional Officer Robinette used excessive force against him when, during a fight between two other inmates, he fired a non-lethal round that struck Hicks in the face. He further claims that Warden Kiser, Assistant Warden Fuller, and Institutional Investigator Gilbert are liable for failing to supervise, discipline, or investigate with respect to this incident. The defendants have filed a motion to dismiss, and the motion is ripe for disposition. Having reviewed the pleadings, the court will grant the defendants' motion.

I.

The facts are taken from Hicks's *pro se* complaint and, at this stage, are presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Hicks alleges that on September 22, 2019, while he was housed at Red Onion State Prison, a fight broke out between two inmates in the day area of Hicks's pod. Hicks was not involved in the fight. When the fight began, Hicks ran to his cell to place several food items in his tray slot. After Hicks placed the items the tray slot, he began to lay down on the ground and was struck on the left side of his face near his left eye by a projectile fired by Officer Robinette

from his non-lethal weapon. Hicks states that he instantly lost sight because he was bleeding, was shocked, and was in pain. Hicks moved from his cell to the shower area of the pod and notified the floor officer that he had been injured. Hicks was then handcuffed and escorted to the medical unit for medical treatment. In the medical department, a nurse assessed and treated his injuries. Since the incident, Hicks has suffered headaches, nausea, and dizziness.

Hicks complains that Officer Robinette was "gross[ly] negligen[t]" because he did not sound an alarm before firing the shot, which he claims is required by policy. (Compl. at 6 [ECF No. 1].) He alleges that officers at Red Onion routinely fire nonlethal rounds without first sounding an alarm. He also complains that Warden Kiser, Assistant Warden Fuller, and Investigator Gilbert did not discipline Officer Robinette after the incident, and that they denied Hicks's grievances and found that Robinette had followed policy.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

Hicks alleges that Officer Robinette used excessive force against him when, during a fight between two other inmates, he fired a non-lethal round that struck Hicks in the face and

caused injury. The court concludes that Hicks's allegations fail to state a cognizable § 1983 claim and, therefore, will dismiss this claim.

The Eighth Amendment protects inmates from cruel and unusual punishment. *See Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an excessive force claim, a prisoner must establish that "the officials acted with a sufficiently culpable state of mind" and that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quotation and alteration omitted); *see, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quotations omitted); *see United States v. Gore*, 592 F.3d 489, 494 (4th Cir. 2010); *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). In determining whether the force used was excessive, the court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Hicks's allegations do not establish that Officer Robinette acted with a sufficiently culpable state of mind. Hicks does not allege that Officer Robinette deliberately aimed to hit him with the nonlethal round. He concedes that at the time Officer Robinette fired the projectile, a fight was ongoing between other inmates. He alleges that at the time the fight began, he did not immediately remove himself from the area or get to the ground, but instead went to place food items in his tray slot. He does not complain that it was inappropriate for Officer Robinette

to fire the round to stop the fight. None of Hicks's allegations suggest that Officer Robinette intentionally hit Hicks with the projectile. Instead, it appears that Hicks was hit by the projectile accidentally.[1]

These allegations do not establish that Officer Robinette acted "maliciously or sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320-21. Instead, they suggest at most that Robinette was possibly negligent in firing the round without providing sufficient warning. Simple negligence, however, does not state a claim under the Eighth Amendment for excessive force. *See id.* at 319 ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.")

The court notes that to the extent Officer Robinette intended to hit one of the inmates involved in the fight with the projectile, this does not render his actions intentional with respect to Hicks. *See Howerton v. Fletcher*, 213 F.3d 171, 173 (4th Cir. 2000) (quoting *Archulete v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) ("'A section 1983 claims must be based upon the violation of plaintiff's personal rights, and not the rights of someone else.'"); *cf. Koon v. Dyson*, No. 8:01-3398-27, 2004 U.S. Dist. LEXIS 32508, at *10 (D.S.C. Sept. 30, 2004) (noting that "there is no transferred intent in § 1983 cases" and therefore finding that "when a correctional officer, in an attempt to restore order or compliance, sprays pepper spray into one inmate's cell and another inmate is inadvertently exposed to the spray, the second inmate does not have a claim for violation of the Eighth Amendment based on excessive force").

To the extent Hicks bases his claim on Officer Robinette's alleged failure to comply with VDOC or institutional policies by not sounding an alarm, this is also insufficient grounds for

---

[1] Grievance records attached to Hicks's complaint indicate that the round had ricocheted before hitting him. (ECF No. 1-1, at 18, 22.) Hicks does not dispute this explanation in his pleading.

relief. *See Riccio v. Cnty. of Fairax,* 907 F.2d 1459, 1469 (4th Cir. 1990) ("If a state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *see also Whitley*, 75 U.S. at 324 (finding that "an inference of wantonness could not properly be drawn" from the defendant's failure to give a verbal warning).

Hicks's allegations do not demonstrate that Officer Robinette acted maliciously or sadistically to cause him harm. Therefore, the court concludes that Hicks's allegations fail to state a cognizable Eighth Amendment claim against Officer Robinette.

## IV.

Hicks alleges that Warden Kiser, Assistant Warden Fuller, and Investigator Gilbert are liable for failing to supervise, discipline, or investigate Officer Robinette and the September 22 incident. The court concludes that Hicks's allegations fail to state a cognizable § 1983 claim against these defendants and, therefore, will dismiss these claims.

In order to state a claim under § 1983, a plaintiff must show personal involvement on the part of each defendant official in the violation of his rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Hicks does not allege that Warden Kiser, Assistant Warden Fuller, and Investigator Gilbert were personally involved in the incident at issue in this case. Instead, he appears to base his claims against them on a theory of supervisory liability. It is well established that a supervisory government official cannot be held liable under § 1983 for the actions of his subordinates solely on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978). Nonetheless, a supervisory official may be

liable for his subordinate's acts if the supervisor himself bears personal responsibility for those acts. *Iqbal*, 556 U.S. at 676. "Liability in this context is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984).

In order to prevail in a claim for supervisory liability, a plaintiff must show,

> (1) that the supervisor had actual or constructive knowledge that [his] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Overall, "[t]he plaintiff . . . assumes a heavy burden of proof in supervisory liability cases," for "[h]e must not only demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" *Slakan*, 737 F.3d at 372 (quoting *Orpiano v. Johnson*, 632 F.2d 1096, 1101 (4th Cir. 1980)) (alteration in original). "[H]e cannot satisfy [this] burden of proof by pointing to a single incident or isolated incidents." *Id.*

Hicks cannot prevail on a claim for supervisory liability against any of the defendants because his allegations do not show that his Eighth Amendment rights were violated in the first instance. *See Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012) (noting that a claim under § 1983 for supervisory liability cannot succeed without a predicate constitutional violation).

To the extent Hicks complains that the defendants did not properly investigate or rule on his grievances and/or appeals, his claims fail. "Ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation," *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007), and inmates do not have a constitutionally protected right to access the grievance procedure, *see, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, the defendants are not liable under § 1983 for their responses to Hicks's grievances or appeals. *See Brown v. Va. Dep't Corr.*, No. 6:07cv33, 2009 U.S. Dist. LEXIS 3022, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009); *see also Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the alleged underlying deprivation). Further, Hicks's claims that the defendants failed to investigate his grievances or appeals also are not cognizable under § 1983. *See Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006) (holding that alleged failure to investigate a grievance "fails to assert a due process violation"); *Sweat v. Rennick*, No. 9:11-2908, 2012 U.S. Dist. LEXIS 55200, at *5, 2012 WL 1358721, at *2 (D.S.C. Feb. 7, 2012) ("Plaintiff's complaint that this Defendant has not properly investigated his claims . . . fails to set forth a claim for a violation of a constitutional right."); *Lewis v. Williams*, Nos. 05-13, 05-51, 05-52, 2006 U.S. Dist. LEXIS 8444, at *18-19, 2006 WL 538546, at *7 (D. Del. Mar. 6, 2006) ("[T]he failure to investigate a grievance does not raise a constitutional issue.").

Hicks fails to allege facts showing that Warden Kiser, Assistant Warden Fuller, and Investigator Gilbert were personally culpable for his injury based on actions taken in their supervisory roles or in relation to investigating or ruling on his grievances. As such, the court concludes that Hicks has failed to state a cognizable claim against these defendants.

## IV.

For the reasons stated, the court will grant the defendants' motion to dismiss

Enter: September 29, 2022

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge